AO 245B (Rev. 11/25) Judgment in a Criminal Case (Form modified within District on November 19, 2025)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

UNITED STATES OF AMERICA
v.
JULIO HERNANDEZ

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 25 Cr. 123 (RMB)

USM Number: 62924-511

Andrew Dalack
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 U.S.C. 1326(a) &(b)(2) | Illegal reentry | 2/26/2025 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☑ Count(s) all open counts ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/15/2026
Date of Imposition of Judgment

Richard M. Berman
Signature of Judge

Richard M. Berman, U.S.D.J.
Name and Title of Judge

9/15/2026
Date

DEFENDANT: JULIO HERNANDEZ
CASE NUMBER: 25 Cr. 123 (RMB)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
12 months and one day

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Defendant be placed in FCI Fort Dix and participate in weekly therapeutic counseling. The defendant is being deported upon the conclusion of his term of incarceration.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑ before 2 p.m. on 10/16/2026 .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment.

______________
UNITED STATES MARSHAL

By ______________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JULIO HERNANDEZ
CASE NUMBER: 25 Cr. 123 (RMB)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ | $ |

☐ The determination of restitution is deferred until __________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ __________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JULIO HERNANDEZ
CASE NUMBER: 25 Cr. 123 (RMB)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against –

JULIO CESAR HERNANDEZ,

Defendant.

- - - - - - - - - - - - - - - - - - X

NOTICE OF INTENT TO
REQUEST JUDICIAL REMOVAL

Criminal Docket No. 25 Cr. 123 (RMB)

NOTICE IS HEREBY GIVEN TO JULIO CESAR HERNANDEZ ("the defendant") and to his attorney of record herein, ANDREW DALACK, Esq., that upon conviction of the defendant for the offenses of illegally reentering the United States after having been lawfully removed following a conviction for the commission of an aggravated felony, and without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(2), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: August 20, 2026
New York, New York

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: [signature]
Rebecca R. Delfiner
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against –

JULIO CESAR HERNANDEZ,

Defendant.

– – – – – – – – – – – – – – – – – – – – – X

FACTUAL ALLEGATIONS
IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 25 Cr. 123 (RMB)

NOTICE IS HEREBY GIVEN TO JULIO CESAR HERNANDEZ ("the defendant") and to his attorney of record herein, ANDREW DALACK, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of DOMINICAN REPUBLIC and citizen of DOMINICAN REPUBLIC.

3. On or about March 6, 1996, the defendant entered the United States at or near New York, New York as a lawful permanent resident of the United States. On or about August 13, 2013, the defendant was ordered removed from the United States by a United States Immigration Judge after the defendant admitted the factual allegations and conceded the charges of removability based on a conviction for an aggravated felony, to wit: Attempted Assault in the First Degree, in violation of Section 110/120.10(1) of the New York State Penal Law, pursuant to a judgment entered on or about June 4, 2012 by the Supreme Court of the State of New York, County of New York, under Superior Court Case number 64168808Y. The defendant was thereafter removed from the United States on July 7, 2015.

Thereafter, the defendant reentered the United States on an unknown date and at an unknown location without having been admitted or paroled.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offense: illegally reentering the United States after having been lawfully removed following a conviction for the commission of an aggravated felony, and without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(2).

5. A maximum sentence of 20 years' imprisonment may be imposed for the above-mentioned offense.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: (1) Section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted; and (2) Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act" or "INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to DOMINICAN REPUBLIC.

Dated: New York, New York
August 20, 2026

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: [signature]
Rebecca R. Delfiner
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against –

JULIO CESAR HERNANDEZ,

Defendant.

– – – – – – – – – – – – – – – – – – – – – X

DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 25 Cr. 123 (RMB)

JULIO CESAR HERNANDEZ, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is JULIO CESAR HERNANDEZ

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, August 20, 2026. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA") 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated August 20, 2026. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, ANDREW DALACK, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily

waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceedings and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to: (1) Section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted; and (2) Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act" or "INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum;

withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in DOMINICAN REPUBLIC and have no present fear of persecution in DOMINICAN REPUBLIC, the country of my citizenship. I further acknowledge that I have not been tortured in DOMINICAN REPUBLIC and have no present fear of torture in DOMINICAN REPUBLIC, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these /judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with

and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to DOMINICAN REPUBLIC, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

9/15/26
Date

[signature]
Defendant's Signature

9/15/26
Date

[signature]
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JULIO CESAR HERNANDEZ,

Defendant.

- - - - - - - - - - - - - - - - - - - X

CONCURRENCE OF
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT

Criminal Docket No. 25 Cr. 123 (RMB)

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

New York, New York
Dated 8/20/26

KENNETH D GENALO Digitally signed by KENNETH D GENALO Date: 2026.08.20 13:05:38 -04'00'

KENNETH GENALO
Field Office Director
United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JULIO CESAR HERNANDEZ,

Defendant.

- - - - - - - - - - - - - - - - - - X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 25 Cr. 123 (RMB)

Upon the application of the United States of America, by Rebecca R. Delfiner, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of JULIO CESAR HERNANDEZ (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of DOMINICAN REPUBLIC and citizen of DOMINICAN REPUBLIC.

3. On or about March 6, 1996, the defendant entered the United States at or near New York, New York as a lawful permanent resident of the United States. On or about August 13, 2013, the defendant was ordered removed from the United States by a United States Immigration Judge after the defendant admitted the factual allegations and conceded the charges of removability based on a conviction for an aggravated felony, to wit: Attempted Assault in the First Degree, in violation of Section 110/120.10(1) of the New York State Penal Law, pursuant to a judgment entered on or about June 4, 2012 by the Supreme Court of the State of New York,

County of New York, under Superior Court Case number 64168808Y. The defendant was thereafter removed from the United States on July 7, 2015. Thereafter, the defendant reentered the United States on an unknown date and at an unknown location without having been admitted or paroled.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offense: illegally reentering the United States after having been lawfully removed following a conviction for the commission of an aggravated felony, and without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(2).

5. A maximum sentence of 20 years' imprisonment may be imposed for the above-mentioned offense.

6. The defendant is subject to removal from the United States pursuant to: (1) Section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an alien who has been ordered removed under Section 235(b)(2), Section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted; and (2) Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act" or "INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or

who arrived in the United States at any time or place other than as designated by the Attorney General.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated DOMINICAN REPUBLIC as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to DOMINICAN REPUBLIC.

Dated: Sept. 15, 2026
New York, New York

Richard M. Berman
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE